THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KENNETH WAYNE LEAMING, <br><br> Plaintiff, <br><br> v. <br><br> DONNY SMITH, *et al.*, <br><br> Defendants. | CASE NO. C23-1951-JCC <br><br> ORDER |

This matter comes before the Court *sua sponte*. Plaintiff, proceeding *pro se*, filed an application to proceed *in forma pauperis* ("IFP"). (Dkt. No. 1.) On December 20, 2023, the Honorable S. Kate Vaughan, U.S. Magistrate Judge, granted Plaintiff's application. (Dkt. No. 4.) A complaint filed by any person seeking to proceed IFP pursuant to 28 U.S.C. § 1915(a) is subject to *sua sponte* review and dismissal by the Court "at any time" to the extent it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." However, to avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). Sufficient factual allegations must "raise

ORDER
C23-1951-JCC
PAGE - 1

a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Similar to Plaintiff's last complaint before this Court, *see Leaming v. Srinivasan*, Case No. C23-0888-JCC, Dkt. No. 5 (W.D. Wash. 2023), the instant complaint offers little in the way of factual allegations. (*See generally* Dkt. No. 5.) Instead, it is replete with conclusory statements of law, seemingly uncolorable legal claims, and incoherent allegations. Therefore, the Court finds both that it is frivolous and fails to state a claim for relief. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). It does not establish the requisite (a) relief sought, (b) conduct supporting that relief, (c) individuals or entities against whom Defendant seeks relief, (d) legal theory supporting this relief, and/or (e) basis of this Court's jurisdiction. *See* Fed. R. Civ. P. 8; 28 U.S.C. §§ 1331, 1332. This is despite the Court's best efforts to construe the complaint liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Accordingly, the Court DISMISSES the complaint with prejudice and without leave to amend.[1] In addition, the Court prospectively certifies that any appeal from this order would not be made in good faith because this action lacks any arguable merit, and thus, an appeal would be frivolous. 28 U.S.C. § 1915(a)(3); *see Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977); Fed. R. App. 24(a)(3).

DATED this 20th day of December 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[1] When doing so would be futile, leave to amend need not be provided. *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018); *see Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).